IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Laverna Jean Boles, ) | C/A No. 0:19-2376-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Andrew Saul, Commissioner of Social ) | |
| Security,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff, Laverna Jean Boles, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew Saul is substituted as the named defendant because he became the Commissioner of Social Security on June 17, 2019.

§ 404.1505(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the Administrative Law Judge ("ALJ") to consider, in sequence:

(1)   whether the claimant is engaged in substantial gainful activity;

(2)   whether the claimant has a "severe" impairment;

(3)   whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4)   whether the claimant can perform her past relevant work; and

(5)   whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4).[2] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[2] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. § 404.1520(h).

**ADMINISTRATIVE PROCEEDINGS**

In December 2016, Boles applied for DIB, alleging disability beginning January 4, 2016.[3] Boles's application was denied initially and upon reconsideration, and she requested a hearing before an ALJ. Hearings were held on July 18, 2018 and November 29, 2018, at which Boles appeared and testified. At the start of the first hearing, the ALJ informed Boles of her right to representation, but Boles chose to appear and testify at both hearings without the assistance of an attorney or other representative. After hearing testimony from Boles's friend and from a vocational expert, the ALJ issued a decision on March 19, 2019 finding that Boles was not disabled from January 4, 2016 through the date of the decision. (Tr. 29-44.)

Boles was born in 1969 and was forty-six years old on the alleged disability onset date. She has a high school education and past relevant work experience as a security officer, a medical transport driver, an assistant office manager, and a supervisor at an adult center. (Tr. 534.) Boles alleged disability due to knee issues, back issues, anxiety, and depression. (Tr. 532.)

In applying the five-step sequential process, the ALJ found that Boles had not engaged in substantial gainful activity since her alleged onset date of January 4, 2016. The ALJ also determined that Boles's synovial plica of the left knee, chondromalacia, status post chondroplasty and debridement of the left knee, depressive disorder, panic disorder, and posttraumatic stress disorder were severe impairments. However, the ALJ found that Boles did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed

---

[3] Boles suggests in her brief that a claim for SSI "should be added to this case." (Pl.'s Br. at 1, ECF No. 7 at 1.) However, Boles does not appear to have filed an application for SSI benefits, much less exhausted such a claim. See, e.g., 20 C.F.R. § 416.501 (stating that a claimant may not be paid SSI benefits for any time period that precedes the first month following the date on which an application was filed).

impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that Boles retained the residual functional capacity to

> perform light work as defined in 20 CFR 404.1567(b) except the claimant can stand and walk for four hours, total, in an eight-hour day. The claimant can climb ramps and stairs occasionally, but can never climb ladders, ropes or scaffolds. The claimant can balance, stoop, kneel, crouch, and crawl occasionally. The claimant can have no exposure to hazards. The claimant cannot operate motor vehicles. The claimant can perform SVP 1 and SVP 2 tasks. The claimant can interact with supervisors, coworkers, and the public occasionally, but cannot perform direct customer service. The claimant cannot perform work in a high-production work environment. The claimant can adapt to routine changes in work settings and duties. The claimant can make simple decisions.

(Tr. 35.) The ALJ found that Boles was unable to perform any past relevant work, but that considering Boles's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Boles could perform. Accordingly, the ALJ found that Boles was not disabled from January 4, 2016 through the date of the decision.

The Appeals Council denied Boles's request for review on June 26, 2019, thereby making the decision of the ALJ the final action of the Commissioner. (Tr. 2-6.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." Biestek, 139 S. Ct. at 1154 (citation omitted). In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUES

Boles does not identify any specific issues for this judicial review. However, Boles's brief argues that the ALJ erred in discounting the opinion evidence from Boles's treating physician, Dr. Dean Floyd, and that the Appeals Council erred in failing to consider new evidence submitted by Boles. (Pl.'s Br., ECF No. 7.)

# DISCUSSION[4]

## A.     Opinion Evidence

Boles first argues that the ALJ erred in evaluating the opinion evidence from treating physician Dr. Dean Floyd.  The law applicable to Boles's application provides that regardless of the source, the Commissioner will evaluate every medical opinion received.  20 C.F.R. § 404.1527(c).  Typically, the Social Security Administration accords greater weight to the opinion of treating medical sources because treating physicians are best able to provide "a detailed, longitudinal picture" of a claimant's alleged disability.  See id.  However, "the rule does not require that the testimony be given controlling weight."  Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (*per curiam*).  Instead, a treating physician's opinion is evaluated and weighed "pursuant to the following non-exclusive list:  (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist."  Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527).  Any other factors that may support or contradict the opinion should also be considered.  20 C.F.R. § 404.1527(c)(6).  In the face of "persuasive contrary evidence," the ALJ has the discretion to accord less than controlling weight to such an opinion.  Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001).  Further, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly

---

[4] The court notes that numerous social security regulations and social security rulings (SSRs) have changed effective March 27, 2017.  However, these changes specifically state that they are applicable to claims filed *on or after* March 27, 2017.  See, e.g., 20 C.F.R. §§ 404.1513, 404.1527.  Because the instant claim was filed before that time, all references in the instant Report and Recommendation are to the prior versions of the regulations and SSRs in effect at the time Boles's application for benefits was filed, unless otherwise specified.

less weight." Id. (quoting Craig, 76 F.3d at 590). The reviewing court should leave untouched an ALJ's decision regarding weight afforded a medical opinion unless the ALJ failed to give sufficient reason for the weight afforded. 20 C.F.R. § 404.1527(d).

With regard to Dr. Floyd's opinion, the ALJ found as follows:

The undersigned gives partial weight to the opinion of Dr. Floyd, dated January 11, 2017, that the claimant had good ability to complete basic activities of daily living, good ability to relate to others, good ability to complete simple tasks, and good ability to complete complex tasks (Exhibit B4F). Dr. Floyd did not opine on the claimant's specific mental functioning capabilities. The undersigned also finds that limiting the claimant to performing SVP 1 and SVP 2 tasks and interacting occasionally with supervisors, coworkers, and the public, but performing no direct customer service, for example, is more consistent with the record as a whole, such as Dr. Floyd's treatment of the claimant's anxiety and depression with medication and Dr. Lind's examination findings in December 12, 2017 that the claimant reported that her mood was, "depressed and stressed," which was consistent with her affect, and the claimant's thought content was significant for preoccupation with a facial scar, but the claimant had a negligible degree of conceptual disorganization and the claimant's recent and remote memory was not impaired (Exhibit B7D).

The undersigned gives little weight to the opinions of Dr. Floyd at Exhibits B13F and B18F, such as his opinion on August 6, 2018 that the claimant still required a cane for ambulation and his opinion on November 28, 2018 that the claimant is unemployable and disabled for an indefinite period of time. First, the determination of whether the claimant can work is reserved [t]o the Commissioner of Social Security. In addition, the evidence of record does not indicate objective findings, such as imaging records of the claimant's knee after her left knee surgery, that support a finding that the claimant still requires a cane for ambulation. Furthermore, on April 18, 2018, Dr. Floyd noted that the claimant had a full leg brace on her left leg and ambulated with a cane, but noted no other musculoskeletal abnormalities, and Dr. Gunter noted on October 24, 2017 that the claimant was wearing a brace on her left knee, but was able to ambulate without limitation (Exhibits B7D and B18F). Moreover, Dr. Floyd's treatment notes give assessments of stable anxiety on medication and do not support his statement that the claimant's PTSD renders her unable to perform any administrative job functions (Exhibit B18F).

(Tr. 40.) Here, Boles challenges the ALJ's findings, arguing that Boles has been homeless, and that Dr. Floyd is the only doctor who consistently treated Boles. Boles points out that notwithstanding a normal MRI from 2016, Boles reported a pain level of 8/10 (Tr. 954) and that a

physical therapy note in February 2017 indicated that her "left knee was weak and shifting, and that she had great difficulty standing and sitting for one hour." (Pl.'s Br. at 2, ECF No. 7 at 2) (citing Tr. 695-96). She also argues that notes indicating that Boles's anxiety was stable may not be inconsistent with Dr. Floyd's opinions, suggesting that it could mean she was not suicidal or homicidal or that her anxiety was not worsening.

Upon thorough review of the ALJ's decision and the record, the court disagrees with Boles's challenges to the ALJ's findings and concludes that it is clear that the ALJ applied the relevant factors in evaluating the opinion evidence. Further, Boles has failed to demonstrate that the ALJ's evaluation of these opinions is unsupported by substantial evidence or based on an incorrect application of the law. See 20 C.F.R. § 404.1527(c); Mastro, 270 F.3d at 178 (stating that "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight") (internal quotation marks and citation omitted); Dunn v. Colvin, 607 F. App'x 264, 267 (4th Cir. 2015) ("An ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,' . . . or has failed to give a sufficient reason for the weight afforded a particular opinion[.]") (internal citations omitted). Based on the regulations applicable to Boles's application, the ALJ properly considered the nature and frequency of Dr. Floyd's treatment relationship with Boles as evidenced by the record. See 20 C.F.R. § 404.1527(c). Moreover, the ALJ offered reasonable bases for giving this opinion little weight.

A review of the ALJ's decision as a whole reveals that the ALJ summarized and considered Boles's medical records and reasonably found that the medical records did not support some of the limitations opined. See 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents

relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion."); 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."). In fact, the ALJ summarized Dr. Floyd's treatment records throughout the opinion, which included: (1) a March 20, 2017 record indicating that Boles was in no acute distress and ambulated normally; (2) a July 31, 2017 record indicating that Boles had a brace on her left leg, ambulated with a cane and slight limp, and had no other musculoskeletal abnormalities; (3) an April 13, 2018 record showing that Boles had a full leg brace on her left leg, ambulated with a cane, had no other musculoskeletal abnormalities, and was prescribed ibuprofen for left knee pain; (4) a June 20, 2016 record showing that Boles reported feeling much better with regard to depression and slept well with Celexa, and Dr. Floyd assessed moderate depression that was improving, with Boles doing considerably better, and continued Celexa; (5) a January 11, 2017 note, indicating that Boles's medication helped with her anxiety and psychiatric care had not been recommended, as well as findings that Boles had a worried, anxious, and depressed mood and affect but was oriented to time, person, place, and situation and had an intact thought process, appropriate thought content, good attention and concentration, and good memory; (6) a March 20, 2017 record noting stable anxiety and continuing Boles's prescription for Celexa; (7) a July 31, 2017 note showing Boles reported being in a much better mood and Celexa helping her anxiety a great deal, and finding that Boles was active, alert, and oriented with a normal mood and affect, normal recent and remote memory, normal speech and comprehension, and good judgment; and (8) an April 13, 2018 note showing that Boles still reported anxiety but that it improved with her

religious faith and describing Boles's anxiety as stable and continuing her prescription for Celexa. (Tr. 37-38.)

Based on the foregoing, Boles has failed to demonstrate that the ALJ's decision to give little weight to Dr. Floyd's opinion was unsupported by substantial evidence. In fact, it is clear that the ALJ, as part of her duties in weighing the evidence, properly considered this opinion in accordance with the applicable factors and legal authority. See Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence). Thus, the court finds that Boles has not shown that the ALJ's decision with regard to Dr. Floyd's opinion was unsupported by substantial evidence or reached through application of an incorrect legal standard.

**B.     Appeals Council**

Boles also appears to suggest that remand is warranted based on additional evidence submitted to the Appeals Council. The Appeals Council addressed this evidence as follows: "You also submitted records from Dean A. Floyd, M.D. dated June 4, 2019 (2 Pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence." (Tr. 10.) This evidence was a letter from Dr. Floyd that states in its entirety:

> This letter is a brief update of one written on November 28, 2018 regarding the health status of the above mentioned lady. Her knee is still giving her difficulty causing her to walk with a brace. She still is suffering from PTSD. Unfortunately, she is now virtually homeless and has no insurance or financial resources to continue with a mental health counselor, I have been prescribing her medication for anxiety until such time comes for her to afford a counselor. Again overall it is still my opinion that this lady is unemployable and disabled for an indefinite period of time.

(Tr. 17.)  Boles appears to summarily argue that remand is warranted because Boles's descent into homelessness is new evidence of her mental illness that should be considered.  Upon careful consideration of Boles's position, the court finds that even accepting Boles's position, the record still clearly shows that the ALJ's decision is supported by substantial evidence and Boles has failed to demonstrate that the Appeals Council erred in finding that Boles failed to demonstrate a reasonable probability that that this evidence would change the outcome of the ALJ's decision.  See, e.g., Meyer v. Astrue, 662 F.3d 700, 707 (4th Cir. 2011) (recognizing that in some cases the record would clearly show that the additional evidence submitted to the Appeals Council did not cause the ALJ's decision to be unsupported by substantial evidence) (discussing Smith v. Chater, 99 F.3d 635, 638-39 (4th Cir. 1996)); 20 C.F.R. § 404.970(a)(5) (requiring a claimant to show that "there is a reasonable probability that the additional evidence would change the outcome of the decision").

## ORDER

For the foregoing reasons, the court finds that Boles has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard.  See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517.  Therefore, it is hereby

**ORDERED** that the Commissioner's decision is affirmed.

**IT IS SO ORDERED.**

_____
August 10, 2020                              Paige J. Gossett
Columbia, South Carolina             UNITED STATES MAGISTRATE JUDGE